UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ARTHUR VALLEJO,

    Plaintiff,

v.

CUSTOM VETERINARY SERVICES, LLC,
a foreign limited liability company, a/k/a
CUSTOM VETERINARY SERVICES, INC.,

    Defendant.
_____/

## ORIGINAL COMPLAINT

Plaintiff, ARTHUR VALLEJO, (hereinafter "VALLEJO" or "Plaintiff"), through his retained undersigned counsel, files this Original Complaint against Defendant, CUSTOM VETERINARY SERVICES, LLC, a foreign limited liability company, a/k/a CUSTOM VETERINARY SERVICES, INC., and states:

## PRELIMINARY STATEMENT

This is an action under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, to remedy interference with the Plaintiff's exercise of his FMLA rights and discrimination/retaliation against Plaintiff in the form of his termination from employment for having sought to exercise his rights under the FMLA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

2. Venue is proper for the United States District Court for the Southern District of Florida because:

1

(a) The Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida; and,

(b) additionally, venue lies pursuant to 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida, and because the Defendant is subject to personal jurisdiction there; and,

(c) the Plaintiff resides in this district.

## PARTIES

3. VALLEJO is a *sui juris* individual and a resident of Broward County, which is within the Southern District of Florida.

4. VALLEJO was employed by the Defendant as a full-time "technical services manager" from about early August 2020 until his termination on or about August 13, 2021.

5. Plaintiff was an "eligible employee" within the meaning of the FMLA and worked for Defendant more than 1,250 hours in the 12 months preceding his request for medical leave under the FMLA.

6. The corporate Defendant is a limited liability company authorized to and in fact doing business in the State of Florida, and which employed VALLEJO at its facilities located at 6955 NW 36th Avenue, Miami, FL 33147.

7. The Defendant constitutes an "employer" within the meaning of the FMLA and at all times relevant to this Complaint employed 50 or more full-time employees.

8.  At the time Defendant interfered with Plaintiff's FMLA rights and retaliated against him for attempting to exercise those rights Plaintiff was a person with a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611.

## CONDITIONS PRECEDENT

9.  Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## STATEMENT OF FACTS

10. VALLEJO began his employment with Defendant as a technical services manager in early August 2020 at Defendant's warehouse and manufacturing facility located in Miami, Florida. Defendant is in the business of formulating and manufacturing custom products for the veterinary field.

11. VALLEJO was a very competent employee who was qualified for his position and performed his job well throughout his employment.

12. On or about August 10, 2021 Mr. Vallejo informed his human resources manager, Erica Ramirez, that he had received very concerning test results from a prostate specific antigen test (a "PSA" test) he had undergone, and that he needed time off of work to seek medical treatment.

13. VALLEJO further informed Ms. Ramirez that a prostate biopsy/ surgery had been scheduled for August 20, 2021, and further medical testing/ screenings might be required to determine if he had cancer.

14. Following his meeting with Ms. Ramirez, Mr. Vallejo that very same day submitted a written request to the Company for the time off of work for the upcoming August 20, 2021 biopsy/surgery.

15. Mr. Vallejo was abruptly terminated 3 days later, on Friday, August 13, 2021. The reason given for the termination was that Mr. Vallejo "did not fit" into an alleged "new organizational layout."

16. Plaintiff has retained the undersigned legal counsel to prosecute this action on his behalf, and has agreed to pay counsel a reasonable fee for his services.

16. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### Violation of the FMLA: Interference

17. Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 16 as fully set forth above.

18. As an employee of an employer within the meaning of the FMLA, Plaintiff was entitled to seek up to 12 weeks of leave for the treatment of a serious health condition.

19. At the time that VALLEJO invoked his FMLA leave rights, he was eligible for such leave because he had worked for Defendant for more than 1,250 hours in the 12 months preceding his request.

20. At all times material, Defendant was an "employer" within the meaning of the Act.

21. By requesting time off of work to seek medical care for a serious health condition, Plaintiff was invoking his FMLA rights to take time off of work and be restored to the same position and pay once he recovered and returned from such leave.

22. Defendant interfered with Plaintiff's invocation and attempt to exercise his FMLA rights and in fact denied him the substantive FMLA benefits to which he was entitled.

23. Defendant's actions in denying VALLEJO the FMLA rights to which he was entitled violate the FMLA.

**WHEREFORE,** the Plaintiff requests this Honorable Court to:

    a. Declare Defendant's conduct to be in violation of the FMLA;

    b. Award damages in the amount of backpay, benefits, and other compensation denied or lost because of the Defendants' unlawful conduct, plus interest on those amounts;

    c. Award an additional amount as liquidated damages equal to the amount awarded under the above paragraph (b);

    d. Order equitable relief as appropriate, including reinstatement or front pay;

    e. Award Plaintiff his reasonable attorneys' fees and costs; and,

    f. Order such other additional relief that the Court deems appropriate under the circumstances.

## COUNT II
### Violation of the FMLA: Retaliation

24. VALLEJO re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 16 as fully set forth above.

25. As an employee of an employer within the meaning of the FMLA, Plaintiff was entitled to seek up to 12 weeks of leave for the treatment of a serious health condition.

26. At the time that VALLEJO invoked his FMLA leave rights, he was eligible for such leave because he had worked for Defendant for more than 1,250 hours in the 12 months preceding his request.

27. At all times material, Defendant was an "employer" within the meaning of the Act.

28. By requesting time off of work to seek medical care and treatment for a serious health condition, Plaintiff was invoking his FMLA rights to take time off of work and be restored to the same position and pay once he recovered and returned from such leave.

29. Defendants intentionally retaliated against Plaintiff's invocation and/or attempted invocation of his FMLA rights and in fact intentionally discriminated against him in the form of an adverse employment action (VALLEJO's termination) for Plaintiff having invoked or attempted to invoke his FMLA rights.

30. Defendant's action in retaliating/discriminating against Plaintiff violate the FMLA.

**WHEREFORE,** the Plaintiff requests this Honorable Court to:

a. Declare Defendants' conduct to be in violation of the FMLA;

b. Award damages in the amount of backpay, benefits, and other compensation denied or lost because of the Defendants' unlawful conduct, plus interest on those amounts;

c. Award an additional amount as liquidated damages equal to the amount awarded under the above paragraph (b);

d. Order equitable relief as appropriate, including reinstatement or front pay;

  e. Award Plaintiff his attorneys' fees and costs; and,

  f. Order such other additional relief that the Court deems appropriate under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated:  June 8, 2022    Respectfully filed,

              <u>*By: s/ Dion J. Cassata*</u>
                Dion J. Cassata
                Florida Bar No. 672564
                Email: *dion@cassatalaw.com*

              CASSATA LAW, PLLC
              Boca Crown Centre
              7999 N. Federal Highway
              Suite 202
              Boca Raton, Florida 33487
              Telephone: (954) 364-7803
              Facsimile: (954) 251-4787

              *Counsel for Plaintiff*

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

| I. (a) PLAINTIFF | DEFENDANT |
|---|---|
| ARTHUR VALLEJO,<br><br>(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES)<br><br>**BROWARD** | CUSTOM VETERINARY SERVICES, LLC,<br>a foreign limited liability company, a/k/a<br>CUSTOM VETERINARY SERVICES, INC.,<br><br>COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:   **DADE**<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) **ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**<br>Dion Cassata, Esq.<br>7999 N. Federal Highway, Suite 202<br>Boca Raton, Florida 33487<br>Tel. (954) 364-7803 | **ATTORNEYS (IF KNOWN)**<br>Kristin Ahr, Esq.<br>Nelson Mullins<br>360 S. Rosemary Avenue, Suite 1410<br>West Palm Beach FL 33401<br>Tel. (561) 366-8765 |

**(d) CIRCLE COUNTY WHERE ACTION AROSE**
MONROE, PALM BEACH, BROWARD, **DADE**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicates Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (FOR DIVERSITY CASES ONLY)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
THIS SUIT SEEKS TO REMEDY VIOLATIONS OF the **FMLA 29 U.S.C. § 2601** et seq.

**IVA.**   __2-3__   days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORT | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug-Related Seizure of Prop. 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced & Corrupt Organization |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodity/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liab. | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Econ. Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent, Lease & Eject. | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determ. Equal Access/Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus and Other | | | ☐ 950 Const. of State Statute |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Prop. | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $**   CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instructions)   None   **JUDGE**   **DOCKET NO.**

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| **June 8, 2022** | *s/ Dion J. Cassata* |

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. _____
Date Paid: _____

Amount: _____
M/ifp: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ARTHUR VALLEJO,

    Plaintiff,

v.

CUSTOM VETERINARY SERVICES, LLC,
a foreign limited liability company, a/k/a
CUSTOM VETERINARY SERVICES, INC.,

    Defendant.
_____/

**SUMMONS IN A CIVIL ACTION**

To:   **CUSTOM VETERINARY SERVICES, LLC**

    **c/o Registered Agent:**    **CAPITOL CORPORATE SERVICES, INC.**
                                      **515 EAST PARK AVENUE, 2ND FLOOR**
                                      **TALLAHASSEE, FL 32301**

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

**Dion Cassata, Esq.**
**CASSATA LAW, PLLC**
Boca Crown Centre
7999 N. Federal Highway, Suite 202
Boca Raton, Florida 33487
Telephone:    (954) 364-7803
*dion@cassatalaw.com*

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:_____                         _____
                                                                     *Signature of Clerk of Deputy Clerk*